FILED

2020 Aug-04 PM 12:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **ERICSON LAMAR SNOW,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **4:17-cv-08021-AKK** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION

Ericson Lamar Snow, a federal prisoner, asks this court to "[r]esentence him absent the 4B1.1 career offender [designation]," "[v]acate his guilty plea and allow him to either go to trial or renegotiate a new plea agreement," or "[s]chedule an evidentiary hearing and appoint counsel," pursuant to 28 U.S.C. § 2255, based on alleged ineffective assistance of counsel, an improper career offender designation, and a due process violation.  Doc. 2 at 2, 22.  For the reasons explained below, Snow's petition is due to be denied.

## I.

Following conviction and sentencing, 28 U.S.C. § 2255 allows a federal prisoner to file a motion in the sentencing court "to vacate, set aside or correct the sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction

to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  To obtain relief under § 2255, a petitioner must:  (1) file a non-successive petition or obtain an order from the Eleventh Circuit authorizing a district court to consider a successive § 2255 motion, 28 U.S.C. § 2255(h), § 2255 Rule 9; (2) file the motion in the court where the conviction or sentence was received, *see Partee v. Attorney Gen. of Ga.*, 451 F. App'x 856 (11th Cir. 2012); (3) file the petition within the one-year statute of limitations, 28 U.S.C. § 2255(f); (4) be "in custody" at the time of filing the petition, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); (5) state a viable claim for relief under the heightened pleading standards of § 2255 Rule 2(b), *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); and (6) swear or verify the petition pursuant to 28 U.S.C. § 1746.  Finally, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  *Id.*

## II.

After Snow pleaded guilty to two counts of bank robbery (aiding and abetting) in violation of 18 U.S.C. § 2113(a) and (2) (Counts I and IV) and brandishing a firearm during and in relation to a crime of violence (bank robbery) in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count III), the undersigned sentenced Snow to two-hundred forty months as to Counts I and IV, separately, with each count to be served concurrently with the other, plus eighty-four months as to Count III, to be served consecutively to Counts I and IV. *See* doc. 46 at 2 in case no. 4:14-cr-00380-AKK-JEO-2. Snow timely appealed. *See* doc. 48 in case no. 4:14-cr-00380-AKK-JEO-2. The Eleventh Circuit affirmed Snow's conviction on February 12, 2016, *see* doc. 62 in case no. 4:14-cr-00380-AKK-JEO-2, and Snow did not file a petition for *certiorari*. As a result, Snow's conviction became final on May 12, 2016.[1] Snow subsequently filed this § 2255 motion on May 12, 2017. Doc. 2 at 25.[2]

## III.

As stated previously, Snow seeks relief on multiple grounds. *See* doc. 1 at 6. Snow raises five specific contentions: *i.e.*, (1) "ineffective assistance during the plea

---

[1] "[W]hen a prisoner does not petition for *certiorari*, his conviction does not become 'final' for purposes of [§ 2255(f)(1)] until the expiration of the 90-day period for seeking certiorari." *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). In Snow's case, the ninetieth day from February 12, 2016 was May 12, 2016.

[2] The court is giving Snow the benefit of the doubt on the timeliness issue. Although the petition is post-marked "18 May 2017," *see* doc. 1 at 10, Snow has submitted a sworn affidavit stating that he placed the petition in the prison mailing system on May 12, 2017, *see* doc. 2 at 25.

bargaining . . . guilty plea phase," *id.*; (2) "ineffective assistance during the sentencing phase," *id.*; (3) "ineffective assistance during the direct appeal phase," *id.*; (4) that the "career offender sentence . . . is based upon constitutionally void predicates," *id.* at 7; and (5) that his sentence violates the Due Process clause.

## A.

To prevail on his claims of ineffective assistance, Snow must demonstrate not only that his counsel's performance fell below an objective and reasonable professional norm, but also that he was prejudiced by this inadequacy. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Relevant here, because the court may dispose of an ineffective assistance claim if the movant fails to carry his burden of proof on either the performance or the prejudice prong, the court need not address the adequacy of counsel's performance when the petitioner fails to make a sufficient showing of prejudice. *Id.* at 697. With that framework in mind, the court analyzes Snow's specific ineffective assistance contentions separately below.

### 1.

Snow contends first that, "[r]elying on counsel's erroneous advice, Snow entered into a plea agreement with the government where [the government] promise[d] three points of acceptance of responsibility and the low end of the properly calculated guideline range." Doc. 2 at 7. Snow's attorney purportedly advised him that he would receive no more than fifteen years. *Id.* However, the plea

4

agreement instead "left Snow wide open to an extremely harsh penalty which is exactly what he received (324-months)," and Snow received "absolutely no benefit what-so-ever from the agreement he entered into with the government." *Id.* at 7–8. For these reasons, Snow contends that "counsel could have negotiated a better plea agreement . . . that had at least some benefit" and, therefore, "Snow has established prejudice and a Sixth Amendment violation . . . ." *Id.* at 9.

Snow's contentions fail for several reasons.  As an initial matter, even if Snow's counsel assured him that he would receive no more than fifteen years, and even if his counsel could have negotiated a "better plea agreement," this court emphasized to Snow, prior to accepting his guilty plea, that "any sentence [the court] [might] give [Snow] may be different from any estimate that [Snow's] lawyer may have given [him]."  Doc. 57 at 13 in case no. 4:14-cr-00380-AKK-JEO-2.  The court further advised Snow that, while the "plea agreement may contain some general recommendations that the government may have . . . agreed [to]," these recommendations were "not binding on this Court."  *Id.* at 15–16.  In fact, the court informed Snow that it could "go along with the recommendations of the government or . . . give [Snow] a sentence that [Snow] believe[s] to be worse than what the government [was] asking for . . . ." *Id.* at 21.[3]  In light of Snow's acknowledgement

---

[3] Specifically, the court informed Snow that he would receive a minimum of seven years for Count III, and that this seven-year sentence would be "on top of whatever [the court] [gave] [Snow] for Counts One and Four."  Doc. 57 at 23 in case no. 4:14-cr-00380-AKK-JEO-2.  The

of the court's clear admonishments that any sentencing estimates by his attorney or agreement by the government would not be binding on the court, Snow cannot demonstrate that his counsel's deficient performance, if any, in advising him about the "maximum" sentence, or in negotiating the plea agreement, prejudiced him. Accordingly, this claim fails.[4]

2.

Snow contends next that his trial counsel was "constitutionally ineffective . . . when he failed to investigate and oppose the career offender enhancement on the basis that [Snow's] three prior robbery offenses were consolidated into one sentence and therefore only counted as one strike instead of two."  Doc. 2 at 12.  In a nutshell, Snow contends that his "three robbery convictions only counted as one 'single sentence' and 'one strike' towards the 4B1.1 career offender enhancement because they were consolidated into one 'single sentence' where only one judgment was imposed."  *Id.* at 14.  This contention is unavailing.  As an initial matter, Snow's attorney did, in fact, oppose the sentencing range by requesting a variance

---

court further informed Snow that "for Count[s] One and Four, . . . [Snow] [was] looking at no more than twenty years in prison for each count."  *Id.*; *see also id.* at 11-12.

[4] To the extent Snow contends that his plea was "coerced," *see* doc. 2 at 12, the record belies this contention.  *See* doc. 57 at 22 in case no. 4:14-cr-00380-AKK-JEO (The Court: "Has anyone threatened or coerced you in any way to encourage you to enter this plea of guilty?"; The Defendant: "No, sir.").  Nor was the plea based on any assurances or promises. *Id.* (The Court: "Has anyone made any promises or any assurances to you of any kind in an effort to get you to plead guilty?" The Defendant: "No, sir.").

6

"downward from the guidelines range" and asking the court to "impose a sentence substantially less than the low end of the advisory sentencing guidelines." *See* doc. 58 at 7 in case no. 4:14-cr-00380-AKK-JEO-2.   Moreover, although the court afforded Snow the opportunity to raise further objections to the presentence investigation report during sentencing, Snow declined to do so. *See* doc. 58 at 6 in case no. 4:14-cr-00380-AKK-JEO-2 (The Court:   "Mr. Snow, what about you? Anything else that you object to or you challenge that you want the Court to take up on the presentence report?"; The Defendant: "No, sir.").   For these reasons, and because, as the court stated, it issued a sentence that it felt was reasonable under the 18 U.S.C. § 3553(a) factors and "the 324-month sentence would have been the same regardless of how the guideline issues had been resolved," *id.* at 26, this claim fails.

3.

Snow argues next that his appellate counsel was "constitutionally ineffective . . . for filing an Anders brief rather than arguing that the sentence was procedurally unreasonable due to the incorrect career offender designation and substantively unreasonable due to Snow's individual characteristics."   Doc. 2 at 15.   This contention is also unavailing.   As the Circuit stated when it affirmed Snow's convictions and sentences:

> [A]ppointed counsel for Ericson Snow in this direct criminal appeal, has moved to withdraw from further representation of Snow and prepared a brief pursuant to *Anders v. California*, 386 U.S. 783 (1967). Our independent review of the record reveals that counsel's assessment

7

> of the relative merit of the appeal is correct.  Because independent
> examination of the entire record reveals no arguable issues of merit, . . .
> Snow's convictions and sentences are **AFFIRMED**.

Doc. 62 at 3 in case no. 4:14-cr-00380-AKK-JEO-2.  In light of the Circuit's finding,

after conducting its own review, that there were no "arguable issues of merit," Snow

cannot demonstrate prejudice as a result of his appellate counsel's decision to file an

*Anders* brief.  Accordingly, this claim fails.

**B.**

Snow also challenges his career offender designation, stating that he has "filed

a post conviction Motion in the Etowah County Circuit Court moving to vacate his

three robbery convictions that were used to enhance his sentence . . . ."  Doc. 2 at

18–19.  Snow further asserts that "it is quite likely that he will succeed in getting

these State convictions vacated as he can establish that they are 'constitutionally

void' . . . ."  *Id.* at 19.  Although Snow is correct that "circumstances rendering the

underlying predicate conviction invalid are ultimate subjects of fact supporting [a]

§ 2255 claim," *Johnson v. United States*, 544 U.S. 295, 305 (2005), a petitioner

"cannot obtain relief under § 2255 *before* the state vacatur," *Stewart v. United States*,

646 F.3d 856, 859 (11th Cir. 2011) (emphasis added), as the "state court vacatur is

the 'fact' that forms the basis of a challenge under 2255," *id.*  Because, at this

juncture, the invalidation of Snow's predicate convictions by the state court is

merely speculative, it cannot serve as a basis for relief under § 2255.

## C.

Lastly, Snow contends that "he is actually innocent of his 18 USC 924(c) conviction and that it is in violation of the due process clause where his 18 USC 2113(a) robbery offense does not constitute a crime of violence within the meaning of 924(c)(3)." Doc. 2 at 20. On that basis, Snow contends that he was "convicted of a non-existing offense and sentenced in excess of the statutory maximum authorized by law in violation of the due process clause." *Id.* Specifically, "[a]bsent the 924(c) offense his sentence is 7-years in excess of the 20-year maximum penalty for the 2113(a) robbery offense." *Id.*

The basis for Snow's actual innocence argument is that the "2113(a) robbery offense does not constitute a qualifying 'crime of violence' under 924(c)(3)(A) or (B) because it encompasses conduct that does not necessarily require the use or threatened use of violent physical force against another, and the 924(c)(3)(B) residual clause is constitutionally void for vagueness . . . ." Doc. 2 at 21. Unfortunately for Snow, the Eleventh Circuit has rejected this argument, holding that "a bank robbery conviction under § 2113(a) by force and violence *or by intimidation* qualifies as a crime of violence under the § 924(c)(3)(A) use-of-force clause" and that a defendant raising this contention "has not made a *prima facie* showing for relief [under *Johnson v. United States*, 135 S. Ct. 2551 (2015)] as to his § 924(c) claim." *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (emphasis added).

9

**IV.**

In light of the foregoing, the court finds that Snow's arguments fail to establish a sufficient basis to vacate or amend his sentence under 28 U.S.C. § 2255.  A separate order will be entered.

**DONE** the 4th day of August, 2020.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

10